<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES, : | |
| : | Hon. Faith S. Hochberg |
| Plaintiff, : | |
| : | Criminal No. 09-195 (FSH) |
| v. : | |
| : | **OPINION & ORDER** |
| OLIVER CHUKWUMA, : | |
| : | Date: October 29, 2009 |
| Defendant. : | |

**<u>HOCHBERG, District Judge:</u>**

This matter comes before the Court upon Defendant Oliver Chukwuma's motion to dismiss Counts 1-5 of the Indictment for violation of the Speedy Trial Act. The Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." 18 U.S.C. § 3161(b).

Here, Defendant was arrested on June 14, 2006 on a criminal complaint charging that Defendant knowingly and willfully executed "a scheme and artifice to defraud a financial institution . . . by means of false and fraudulent pretenses" in violation of 18 U.S.C. §§ 2, 1344. Beginning on June 21, 2006, a series of nine 60-day continuance orders were entered on consent. These orders excluded the period of time between June 22, 2006 and October 21, 2007 from the Speedy Trial Act's requirements. The Speedy Trial clock thus expired on November 14, 2007,

1

the thirty-first day after Defendant's June 14, 2006 arrest that was not otherwise excluded.[1]

On March 20, 2009, a grand jury returned the Indictment against Defendant: Count 1 charges Defendant with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 arising out of Defendant's agreement with a co-conspirator to defraud Fleet Bank.  Counts 2-5 charge Defendant with four specific executions of the scheme to defraud Fleet Bank.  Counts 6-9 are not at issue here.

With respect to Counts 2-5, it is undisputed that the Government did not charge Defendant with executing the bank fraud scheme within 30 days of his arrest, in violation of the Speedy Trial Act.   Thus, Counts 2-5 of the Indictment shall be dismissed.  *See* 18 U.S.C. § 3162(a)(1) (charge in violation of Speedy Trial Act "shall be dismissed or otherwise dropped").

Defendant has moved for dismissal of these Counts with prejudice.  To determine whether dismissal with prejudice is warranted, the Court considers (a) the seriousness of the offense; (b) the facts and circumstances of the case which led to the dismissal; and © the impact of a re-prosecution on the administration of the Speedy Trial Act and the administration of justice.  18 U.S.C. § 3162(a)(1).  The Court also considers whether the violation has prejudiced the Defendant.  *United States v. Taylor*, 487 U.S. 326, 333 (1988).

Here, Defendant concedes that bank fraud is a serious offense.  But Defendant argues that he has been greatly prejudiced by the delay, pointing to the magnitude of the Speedy Trial Act violation (over 400 days), which Defendant contends was solely caused by the Government.  Defendant also highlights that during this period, his house has been encumbered by an

---

[1] The parties agreed to one further continuance that purported to exclude the period of November 21, 2007 through January 21, 2008.  However, this continuance was entered after the initial expiration of the Speedy Trial clock, and therefore had no effect.

appearance bond; his travel has been limited to New Jersey; he has been required to surrender his passport; he has been required to report weekly to Pre-Trial Services; and he has been unable to find work because of the pending criminal charges, which has resulted in significant loss of income and consequently, the loss of his chosen counsel during that long lapse of uncompensated time.

The Government argues that the dismissal should be without prejudice because the Speedy Trial Act violation was not in bad faith, and Defendant has not been prejudiced that severely. Defendant consented to nearly 17 months worth of continuances, and then never pressed his Speedy Trial rights. If Defendant was suffering actual prejudice, the Government argues, he would have pressed those rights.

After considering the submissions of the parties and hearing oral argument on July 22, 2009, the Court will dismiss Counts 2-5 with prejudice. Although the Speedy Trial Act violation was not in bad faith, a delay of over 400 days, on top of nearly 17 months worth of continuances, demonstrates gross neglect on the part of various AUSAs who dropped this prosecution into a dead-letter file for an exceptionally long time. The most recently assigned AUSA has articulated no worthy explanation for the delay. As a result of this oversight, the Defendant has been prejudiced by the facts set forth above. Both the magnitude of the delay and the prejudice suffered by Defendant warrant dismissal of Counts 2-5 with prejudice. *See United States v. Martinez*, 75 F. Supp. 2d 360, 367 (D.N.J. 1999) (eighth month delay warranted dismissal with prejudice); *United States v. Clymer*, 25 F.3d 824, 832 (9th Cir. 1994) (more than 15-month delay, not including additional 5 months of excludable time, warranted dismissal with prejudice)*; see also Taylor*, 487 U.S. at 340 ("[t]he longer the delay, the greater the presumptive or actual

prejudice to the defendant")

Defendant also seeks dismissal of Count 1 of the Indictment, which charges Defendant with conspiracy to commit bank fraud. However, this charge was not contained in the original Complaint, and the Speedy Trial Act generally requires dismissal of only those charges that were made in the original complaint. *See United States v. Oliver*, 238 F.3d 471 (3d Cir. 2001). Some Circuits recognize an exception to this rule, known as the "gilding exception."[2] Defendant contends that the Court should apply this exception here, and dismiss Count 1 even though it was not charged in the initial Complaint, arguing that the Government brought the conspiracy charge in a bad faith effort to circumvent the Speedy Trial Act's requirement that Counts 2-5 be dismissed.

The Court will not apply the "gilding exception" here. Although the Third Circuit has not explicitly decided whether the "gilding exception" is a viable doctrine in this Circuit, it has rejected its application on very similar facts. In *United States v. Watkins*, 339 F.3d 167 (3d Cir. 2003), the Court upheld dismissal of a conspiracy charge for a Speedy Trial violation, but declined to apply the gilding exception to dismiss charges for substantive offenses that were part of the conspiracy, but that were not charged in the original complaint. In doing so, the Court of Appeals focused on the fact that conspiracies and substantive offenses are different crimes requiring proof of different elements, and noted that "it is questionable whether a substantive

---

[2] "[A] gilded charge is one that merely annotates in more detail the same charge alleged in the initial accusatory instrument." *United States v. Peppin*, 365 F. Supp. 2d 261, 268 (N.D.N.Y. 2005). "The definition of gilding has room in it for more than just cases that simply reword the original charges, but also those that demonstrate bad faith efforts to avoid the Speedy Trial Act. If the exception does not contain room for the occasional egregious case, then the Act may regularly be avoided by adding new charges to indictments – whether or not they have merit." *Id.* at 269.

4

offense can ever gild a conspiracy charge." *Id.* at 177.

Similarly, the conspiracy charge in Count 1 of the Indictment is a different offense with different elements than the bank fraud offense charged in the Complaint. Because it was not charged in the original Complaint, Count 1 will not be dismissed for violation of the Speedy Trial Act.

Accordingly, for the foregoing reasons,

**IT IS** on this 29th day of October 2009,

**ORDERED** that Defendant's Motion [Docket # 26] is granted in part; Counts 2-5 of the Indictment are **DISMISSED WITH PREJUDICE**.

                                                    **/s/ Faith S. Hochberg**
                                                    Hon. Faith S. Hochberg, U.S.D.J.